**UNITED STATES of America,**

v.

**Daniel CASTRO, Defendant.**

**No. 05CR112401(RWS).**

United States District Court, S.D. New York.

May 4, 2007.

Jocelyn Emily Strauber, United States Attorney, Southern District New York, New York City, for Plaintiff.

Richard Franklin Boulware, Federal Defenders of New York Inc., New York City, for Defendant.

## SENTENCING OPINION

SWEET, District Judge.

On January 13, 2006, Daniel Castro ("Castro") appeared before the Honorable Frank Maas of this District and pleaded guilty to one count of theft by a bank employee. For the reasons set forth below, Castro will be sentenced to an eight month term of imprisonment, to be followed by a three-year term of supervised release. Hernandez also will be required to pay restitution of $65,600 and a special assessment of $100.

### Prior Proceedings

Castro was named in a one-count indictment filed in the Southern District of New

---

York on October 27, 2005 charging him with theft by a bank employee in the amount of $47,000 in violation of 18 U.S.C. § 656. On January 13, 2006, a superseding information was filed in the Southern District of New York charging Castro with theft by a bank employee in the amount of $65,600 (rather than $47,000 as in the indictment) in violation of 18 U.S.C. § 656. On January 13, 2006, Castro appeared before the Honorable Frank Maas in the Southern District of New York, waived indictment, and entered a plea of guilty to the superseding information. Castro's sentencing is scheduled for May 8, 2007.

### The Sentencing Framework

In accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the Second Circuit's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. *See Crosby*, 397 F.3d at 114–15.

### The Defendant

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Castro's personal and family history.

### The Offense Conduct

CASTRO was employed by Citibank as a Client Financial Analyst from November 2000 to June 2005, at the Citibank branch located at 262 First Avenue in Manhattan. As a Client Financial Analyst, money belonging to Citibank was entrusted to Castro's custody and care.

At some time prior to April 19, 2005, Jaison Inc., a third-party contractor hired by Citibank to provide updated address and contact information for clients of Citibank, provided Citibank with information regarding the deceased customer accounts of Charles and Anna Wing (the "Wing

Accounts"). Jaison Inc. furnished Citibank with contact information for the Public Administrator/Executor of the Wing Accounts. On April 19, 2005, an official check from Citibank was issued to the Public Administrator/Executor of the Wing Accounts made payable to the Estate of Anna Wing. Upon receiving the Check, the Public Administrator/Executor of the Wing Accounts contacted Citibank, informing it that the balances in the Wing Accounts were significantly less than the Wing Estate expected.

As a result of the discrepancy in the Wing Accounts, Citibank opened an internal investigation which ultimately revealed that Castro had withdrawn approximately $48,868.02 from the Wing Accounts between November 23, 2004, and May 2, 2005.

Despite receiving death certificates by mail for both Charles and Anna Wing in December 2004, Castro did not mark the Wing Accounts on Citibank's internal system as deceased accounts, allowing him to continue to make withdrawals from these accounts. To effect the transactions, Castro prepared withdrawal slips and induced various tellers to process the transactions, giving the withdrawn cash directly to Castro.

Subsequent investigation revealed that Castro had also made unauthorized withdrawals from the account (the "Ebert Account") of another Citibank customer, a 90–year–old woman named Ms. Ebert. In August 2003, Castro processed an $8,000 personal loan in Ebert's name, without Ebert's authorization or knowledge, through Citibank. Castro used the funds from this loan to cover unauthorized withdrawals made against Ebert's Certificate of Deposit account at Citibank. Between February 2003 and November 2005, Castro made numerous withdrawals from the Ebert Account totaling at least $16,731.98.

Castro is responsible for a total loss of $65,600, which consists of the $48,868.02 and $16,731.98 in losses related to the Wing Accounts and Ebert Account, respectively.

### The Relevant Statutory Provisions

The maximum term of imprisonment for theft by a bank employee is thirty years, pursuant to 18 U.S.C. § 656.

If a sentence of imprisonment is imposed, the Court may impose a term of not more than five years' supervised release, pursuant to 18 U.S.C. § 3583(b)(1).

The defendant is not eligible for probation because the instant offense is a Class B felony, pursuant to 18 U.S.C. § 3561(a)(1).

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, all offenders on probation, parole or supervised release for offenses committed after September 13, 1994, are required to submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The maximum fine is $1,000,000, pursuant to 18 U.S.C. § 3571(b)(1) and 18 U.S.C. § 656. A special assessment in the amount of $100 is mandatory. 18 U.S.C. § 3013.

Pursuant to 18 U.S.C. § 3663, restitution may be ordered in this case. Restitution in the amount of up to $65,600 is outstanding; payments are due immediately and shall be forwarded to Citibank. Any unpaid restitution shall become a condition of supervised release. 18 U.S.C. § 3663(g).

### The Guidelines

The November 1, 2006 edition of the *United States Sentencing Commission Guidelines Manual* has been used in this case for calculation purposes, pursuant to section 1B1.11(a).

The guideline for violations of 18 U.S.C. § 656 is found in section 2F1.1. Since the count of conviction has a statutory maximum term of imprisonment of at least 20 years, pursuant to section 2B1.1(a)(1), the base offense level is seven. Because the loss exceeded $30,000, but was less than $70,000, the offense level is increased by 6 levels pursuant to section 2B1.1(b)(1)(D). Because Castro has demonstrated acceptance of responsibility through his allocution and subsequent conduct prior to the imposition of sentence, a 2–level reduction is warranted, pursuant to section 3E1.1(a). The resulting adjusted offense level is 11.

Castro has no known criminal convictions. Thus, Castro has a Criminal History Category of I.

Based on a total offense level of 11 and a Criminal History Category of I, the Guidelines range for imprisonment is eight to fourteen months.

The Guidelines range for a term of supervised release is at least three but not more than five years, pursuant to section 5D1.2(a)(1). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to section 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to section 5D1.1(a).

The defendant is not eligible for probation because the instant offense is a Class B felony, pursuant to section 5B1.1(b)(1).

The fine range is from $2,000 to $1,000,000 pursuant to section 5E1.2(c)(3). Subject to the defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release. § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,952.66 to be used for imprisonment, a monthly cost of $287.50 for supervision, and a monthly cost of $1,736.98 for community confinement.

In accordance with the provisions of section 5E1.1, restitution shall be ordered. In determining whether to impose an order of restitution and the amount of restitution, the Court shall consider the amount of loss the victim suffered as a result of the offense, the financial resources of the defendant, the financial needs of the defendant and his dependents and other factors deemed appropriate.

### The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in *Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and the Second Circuit's decision in *Crosby*, 397 F.3d 103. Pursuant to all of the factors, it is hereby determined that a Guidelines sentence is warranted.

### The Sentence

Considering that the instant conviction is the defendant's first, a sentence at the lower end of the Guidelines range will be imposed. Castro will be sentenced to an eight month term of imprisonment, to be followed by a three-year term of supervised release.

As Castro has kept all court appearances, has been in compliance with all terms and conditions of his pretrial re-

lease, and is not viewed as a flight risk or a danger to the community, he is deemed a good candidate for voluntary surrender. Castro is therefore directed to report to the Bureau of Prisons no later than July 9, 2007 to commence an eight month term of imprisonment. Castro is further directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence a three-year term of supervised release. It is recommended that Castro be supervised by the district of his residence.

As mandatory conditions of his supervised release, Castro shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

Furthermore, the standard conditions of supervision (1–15) shall be imposed with the following additional special conditions:

(1) The defendant shall provide the probation officer with access to any requested financial information.

(2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

(3) The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of probation may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(4) The defendant shall not seek nor engage in employment with any company in the banking or financial industry if in the course of such employment he would have access to funds in clients' accounts.

It is further ordered that the defendant shall make restitution payable to the Clerk, U.S. District Court, 500 Pearl Street, New York, NY, 10007, for disbursement to Citibank of $65,600. The restitution shall be paid in monthly installments of 10% of gross monthly income over a period of supervision to commence 30 days after release from custody. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), because a restitution has been ordered, the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for May 8, 2007.

It is so ordered.